JUAN MONSERRATE, Petitioner, *v.* DISTRICT COURT OF HUMACAO, GABRIEL CASTEJÓN, JUDGE, Respondent.

No. 503. Argued February 15, 1926.—Decided April 28, 1926.

F. *Cervoni Gely* for the petitioner. *José E. Figueras, Fiscal,* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The decision in this case has depended upon our judgment in the case of *Velázquez et al.* v. *District Court of Humacao,* No. 508, *ante,* page 333. There we held that the former prosecution was still pending and that the action of the

*fiscal* in attempting to file a *nolle prosequi* was null and void. The facts before us are that the defendant was arrested on the 9th day of August, 1925. On the 14th of December, 1925, he moved to dismiss the prosecution by virtue of section 448 of the Code of Criminal Procedure inasmuch as more than 120 days had elapsed since his arrest without an information being filed against him. The District Court of Humacao on the 15th day of December, 1925, made the following order:

"Having considered the motion made by attorney F. Cervoni Gely that the case be dismissed because it was not tried within 120 days after the arrest of the defendant, the court is of the opinion that it has no jurisdiction of the matter, inasmuch as the information on which it is based has not yet been filed in the clerk's office of this court, and in view also of the jurisprudence in the case of Dyer vs. Rossy, 23 P.R.R. 718, wherein the doctrine was established that the only and real remedy in such cases is by mandamus, the said motion can not be sustained."

Now perhaps a mandamus may lie, yet that is the extraordinary remedy. Section 448 provides:

"The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:

"1. Where a person has been held to answer for a public offense, if an information is not filed against him within sixty days thereafter;

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information."

Under the plain reading of that statute an information must be filed within 60 days or else the court must order the dismissal. The rapid and ordinary way is by motion to the court. In the case of *Dyer* v. *Rossy* the mandamus was issued by this court. It can not be supposed that the court below will issue a mandamus against itself, nor that a defendant must come to this court for relief. The petitioner was entitled to a dismissal, duly moved for it and, the order of December 15th must be annulled and the proceedings

against him dismissed without prejudice to the right of the district attorney to begin anew.